Argued and submitted October 19, 1979,
affirmed February 11, 1980

In the Matter of the Conservatorship of
Kelly Jo Ann Kessell, a Minor,
STATE ex rel CHILDREN'S
SERVICES DIVISION,
*Appellant,*
*v.*
HORNER,
*Respondent.*

(No. P 6021, CA 14618)

606 P2d 650

Lawrence R. Young, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Sally L. Avera, Dallas, argued the cause for respondent. With her on the brief was Avera and Avera, Dallas.

Before Joseph, Presiding Judge, and Lee and Richardson, Judges.

JOSEPH, P.J.

**JOSEPH, P.J.**

The Children's Services Division (CSD) of the Department of Human Resources sought an order from the probate court directing the minor's conservator to pay from the protected person's funds certain sums to reimburse CSD for her support. The conservator filed a "motion to quash." The court denied the motion and ordered the conservator to pay for current expenses but refused to order reimbursement for past expenditures. CSD appeals.[1]

The minor was made a ward of the Multnomah County Juvenile Court in November, 1974, under ORS 419.507, and legal custody was transferred to CSD, which became guardian of her person, ORS 419.507(2); 418.285; 418.275(1); 419.472(5). She was placed in a foster home. Her mother was at all pertinent times incarcerated in the Oregon Women's Correctional Institute, and her father's precise whereabouts were unknown. In 1976, the minor inherited $18,859.69 from her grandmother, and in April of that year a conservator was appointed to manage and protect the minor's estate. ORS 126.157(1).

On April 25, 1979, CSD petitioned the probate court for reimbursement for its past expenditures in support of the minor[2] and to require the conservator to pay current expenses. A hearing was held in May, 1979, at which time the conservator stipulated that the total cost of past care by CSD was $24,626 and the current monthly expense was $209. The court ordered the conservator to pay the monthly expenses after the date of the filing of the petition in April, 1979, but denied CSD reimbursement for the past. On June 10, 1979, the protected person attained the age of 18 years.

---

[1] The conservator did not cross appeal on the propriety of the ordered disbursement to CSD for current expenses.

[2] The fact that the expenses were incurred in the past does not of itself preclude reimbursement. ORS 126.323 states that the funds expended by the conservator for support of the protected person may be paid to any person to reimburse him for expenditures which the conservator might have made.

CSD, as an "interested person," petitioned the court for a distribution of conservatorship assets under ORS 126.273(1)(c) and (e).[3] It had not made a claim against the estate under ORS 126.353. CSD does not assert that the conservator had an absolute duty to provide for the support of the protected person or that CSD has a statutory claim against the estate for moneys expended for the child's foster care. Instead, it contends that under ORS 126.317 the conservator may expend funds from the estate for the support of the protected person and that the court has discretion to order such expenditures. The issue as posed by both parties is whether the court abused its discretion in denying CSD's petition, but that is not correct. Coming from a probate court, the matter is before us on *de novo* review. ORS 111.205.

In their briefs and arguments in this court the parties essentially discussed only the questions whether CSD was entitled to petition the court as an "interested person," whether the conservator had any statutory duty to reimburse CSD, whether CSD was estopped by its delay from 1976 to 1979 in asserting its claim and whether the trial court abused its discretion in denying reimbursement. The last matter is not the subject of our review, as previously pointed out. We are satisfied that CSD is within the definition of "interested person" in ORS 126.273 and that its petition was appropriate in that capacity. Whether or not the conservator had a duty to make the payments in issue need not be decided, for what was to be exercised under the petition was the probate court's authority to

---

[3] ORS 126.273(1)(c) and (e):

"(1) Any interested person or other person interested in the welfare of a person for whom a conservator has been appointed may file a petition for an order:

"* * * * *

"(c) Directing distribution;

"* * * * *

"(e) Granting other appropriate relief."

[458]

"*** exercise those powers over the estate and affairs of the minor which may be necessary for the best interests of the minor, his family and members of his household." ORS 126.213.

The transcript of the hearing and the trial court file show that nothing occurred below, aside from the stipulation of some of the facts recited above, except arguments about CSD's legal authority to demand and receive reimbursement and the basis of the conservator's obligation to pay or not to pay. At the end the court, albeit without any explanation for the distinction, ordered the payment only of current expenses and denied CSD's claim for reimbursement. But the court had before it no evidence furnished by CSD that bore on the "best interests" of the minor and nothing else about the merits, except CSD's delay in asserting its demand (which was not made the basis of the decision). CSD's position was that as a matter of law it is entitled to reimbursement for its expenditures. In the absence of a statute saying so, that is not correct. ORS 126.273(1) gave CSD standing to invoke the court's powers, but it had the burden of persuading the court that it would be in the best interests of the child that reimbursement be made. It made no effort to do so and does not now claim that any action by the court prevented its making its case. There is nothing more before us to support the claim for reimbursement, and so we reach the same result as the trial court did.

Affirmed.